UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON CSFB 2005-11,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No.: 2:24-CV-452-JLB-KCD

BARBARA ANN KELLY, et al.,

    Defendants.
_____/

### NOTICE OF REMOVAL

Defendant Gregory B. Myers ("Mr. Myers"), pursuant to 28 U.S.C. §§ 1334 and 1452, hereby files this *Notice Of Removal* (the "Notice of Removal"), removing to the United States District Court for the Middle District of Florida (the "District Court") that certain cause of action filed in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, styled *US Bank National Association, As Trustee For Credit Suisse First Boston CSFB 2005-11 v. Barbara Ann Kelly, et al.*, Case No. 11-2009-CA-010813 (the "Florida State Court Action"), and that certain cause of action filed in the District Court of Appeal of the State Of Florida, Sixth District ("6DCA"), styled *Gregory B. Myers v. U.S. Bank National Association, As Trustee For Credit Suisse First Boston CSFB 2005-11 and Barbara Ann Kelly*, Case No.: 6D2023-2079 (the "Florida Appellate Court Action"). In support, Mr. Myers states as follows:

28 U.S.C. § 1452 provides for removal of claims or causes of action in civil actions pending in state or federal courts when the claim or cause of action is within the jurisdiction conferred by 28 U.S.C. §1334. Mr. Myers also avers that complete diversity jurisdiction exists under the federal diversity jurisdiction statute, providing an independent source of federal

1

jurisdiction other than bankruptcy jurisdiction. The existence of federal jurisdiction is tested at the time of removal.

28 U.S.C. § 1334(b) confers jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." On November 18, 2015 (the "Petition Date"), Mr. Myers filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland, Case No. 15-26033 (the "Maryland Bankruptcy Case"). On February 22, 2017, Mr. Myers's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code. The Maryland Bankruptcy Case has **not** been dismissed.

The Florida State Court Action is an *in rem* action to foreclose a mortgage *purportedly* securing entireties property owned by Mr. Myers and his wife, Barbara Ann Kelly ("Ms. Kelly"), located at 700 Gulf Shore Blvd. N. Naples, Florida 34102 (the "Naples Property").[1] Because Mr. Myers is not a party to or obligated on the note or mortgage at issue in the Florida State Court Action, Mr. Myers is not required to bring as a compulsory counterclaim all tort claims arising out of the Florida State Court Action. *See Aguilar v. Southeast Bank, N.A.*, 117 F.3d 1368 (11th Cir. 1997), certified question answered by 728 So.2d 744 (1999), conforming to answer, 177 F.3d 1226 (11th Cir. 1999). Accordingly, there is no final order that fully and finally disposes of all claims against all parties in the Florida State Court Action.

The Florida State Court Action is a a judicial proceeding filed against Mr. Myers (a debtor) that was commenced before the commencement of the Maryland Bankruptcy Case, wherein Plaintiff seeks to recover a claim against Mr. Myers that allegedly arose before the

---

[1] The Naples Property is Mr. Myers's Florida homestead pursuant to Art. X, § 4(a)(1), (c), Florida Constitution. In 2017, the Naples Property was ruled fully exempt by a final and unappealable order entered in the Maryland Bankruptcy Case.

2

commencement of the Maryland Bankruptcy Case. *See, e.g.,* "Claim 12" filed in the Maryland Bankruptcy Case, a copy of which is attached hereto as **Exhibit A**.

11 U.S.C. § 362(a)(1) bars "the commencement or continuation" of any "action or proceeding against the debtor that was or could have been commenced before the commencement of [the debtor's bankruptcy case]." 11 U.S.C. § 362(a)(3) bars "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The Maryland Bankruptcy Court has never granted Plaintiff, US Bank National Association, as Trustee for Credit Suisse First Boston CSFB 2005-11 (the "Plaintiff") relief from the automatic stay to allow the Florida State Court Action to proceed.

Rule 9027, Fed.R.Bankr.P. governs the procedure for filing a notice of removal. Because the Florida State Court Action was initiated prior to the date Mr. Myers filed his Chapter 11 petition in the Maryland Bankruptcy Case, Rule 9027(a)(2) applies. Rule 9027(a)(2) applies It provides, in relevant part:

> (2) *Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.* If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the **longest of** (A) 90 days after the order for relief in the case under the Code, (B) **30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code,** or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Rule 9027(a)(2), Fed.R.Bankr.P. (emphasis supplied).

Because no order has been entered in the Maryland Bankruptcy Case "terminating [the] stay" as to the Florida State Court Action, the time period contained in subsection (B) of Rule 9027(a)(2) has yet to expire. *See In re Passodelis,* 234 B.R. 52, 59 (Bankr.W.D.Pa. 1999) ("'As long as the stay remains in effect *there is no reason to impose a time limit for removal* to the bankruptcy court, and, therefore, clause (B) of subdivision (2)(a) provides that a removal

3

application may be filed within 30 days of entry of an order terminating the stay.'") (quoting Fed.R.Bankr.P. 9027 advisory committee's note, 11 U.S.C.A. (West 1984)); 10 Collier on Bankruptcy, ¶ 9027.05[1] ("As long as the stay remains in effect, there is no reason to impose a time limit for removal to the district court."). Accordingly, here, the Notice of Removal is timely as it falls within the time limits contained in subsection (B) of Rule 9027(a)(2), Fed.R.Bankr.P.

The District Court has subject-matter jurisdiction to adjudicate a bankruptcy stay violation. *See In re Tucker*, 743 F. App'x 964, 968 (11th Cir. 2018) and *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1342-43, n.1 (11th Cir. 2005). It is well settled that acts taken in violation of an automatic stay are void and without effect. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) (citing *Kalb v. Feuerstein*, 308 U.S. 433, 443 (1940); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)). Likewise, "erroneous decisions by state courts as to the application of the automatic stay are void *ab initio*." *In re Zausner*, 638 B.R. at 198, n.6 (citing *In re Cole*, 552 B.R. at 908-09). It is also fundamental that void judgments can be challenged at any time. *See Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994) (holding time within which judgment may be attacked as void under Rule 60(b)(4) "is not constrained by reasonableness"). Because the Florida state court acted in violation of the bankruptcy stay, all of the proceedings in the Florida State Court Action, including appellate proceedings, were "in excess of the state court's authority and subject to collateral attack."

Moreover, federal law issues predominate in this case. For example:

- The Florida State Court Action is predicated upon federal law, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The complaint filed in the Florida State Court Action specifically states:

    2. This firm has complied with the notice requirement of the Fair Debt Collection Practices Act, **15 U.S.C. § 1692, et seq**, as amended. The

>> Notice(s) previously mailed by the firm is attached hereto and incorporated herein as an Exhibit.

(Emphasis supplied). *See Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) (case may be removed based on federal question jurisdiction when plaintiff's statement of [its] own cause of action shows that it is based on federal law) (citation omitted)); *see also Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1295 (11th Cir. 2015) ("Absent a statutory exception, documents filed in court in the course of judicial proceedings to collect on a debt are subject to the FDCPA.").

- The alleged lien at issue in the Florida State Court Action is the subject of a lien avoidance action which is currently on appeal in the United States Court of Appeals for the Eleventh Circuit in the case styled *Gregory Myers v. U.S. Bank National Association*, Appeal Number: 23-13409-E (the "USCA11 Appeal"). *See, e.g., NLG, LLC v. Horizon Hospitality Group, LLC (In re Hazan)*, ___ F.3d ___, 2021 WL 33907781 (11th Cir., Sept. 1, 2021) (bankruptcy court's judgment sustaining the adversary proceeding claims of the debtor and an affiliated party that a mortgagee no longer held a lien on the debtor's mortgaged property did not violate the federal *Rooker-Feldman* doctrine).

- On April 15, 2024, Mr. Myers filed a *Complaint and Demand for Trial by Jury* in the United States District Court for the Middle District of Florida, Case 2:24-cv-00370-JLB-KCD, including a count for breach of contract/breach of a settlement agreement resolving the Florida State Court Action.[2] After alerting the state court that Mr. Myers filed a *Complaint and*

---

[2] On November 14, 2016, the Maryland Bankruptcy Court entered a consent order resolving claims filed against Mr. Myers in the Maryland Bankruptcy Case (i.e., Claim 12). In April 2022, "U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-11" addressed the consent order, representing in its papers filed in federal court:

> "An agreement to settle a legal dispute is a contract that is enforceable like any other contract. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989); *Salimi v. BMW Fin. Serv. NA, LLC*, 2017 WL 4570367, at *7 (N.D. Cal. Sept. 29, 2017) ("A settlement agreement is a contract, and this Court interprets the settlement agreement under California law"). "Each party agrees to 'extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by the contract.'" *Andrus*, 899 F.2d at 759. Courts construe orders and consent decrees as contracts. *Id*."

On June 9, 2022, counsel for "U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-11" affirmatively represented in open court, "This was the parties' agreement . . . [a]nd both sides, you know, provided consideration. We agreed that, you know, we couldn't foreclose."

5

*Demand for Trial by Jury* in the District Court—and recognizing that Mr. Myers is entitled to have the jury make a determination before the Florida State Court Action (i.e., equity action) can proceed—the state court ruled from the bench as follows:

> **THE COURT: What I think is best is, Mr. Myers, you have to seek relief elsewhere. \*\*\* And if you want relief regarding the stay or other matters, then go through the appropriate courts and request that.**

(Alterations and emphasis supplied)

The record in this case clearly demonstrates that the Florida State Court Action has a "conceivable effect on the administration of claims" in Mr. Myers's Bankruptcy Case; accordingly, the District Court possesses subject matter jurisdiction. *See Lemco Gypsom, Inc. v. Miller*, 910 F.2d 784, 787-88 (11th Cir. 1990), adopting the Third Circuit's test in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d. Cir. 1984) for determining whether a civil proceeding is sufficiently related to bankruptcy to confer federal jurisdiction on the district court, stating:

> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

(Emphasis supplied). For example [3,4,5,6], and without limitation, an action to affect or interfere with a debtor's exempt homestead is an attempt to "exercise control over property of the estate" in violation of 11 U.S.C. § 362(a)(3).

---

[3] See 28 U.S.C. § 157(b)(2)(A) ("Core proceedings include . . . matters concerning the administration of the estate").

[4] See 28 U.S.C. § 157(b)(2)(B) ("Core proceedings include . . . allowance or disallowance of claims against the estate ").

[5] See 28 U.S.C. § 157(b)(2)(F) ("Core proceedings include . . . proceedings to determine, avoid, or recover preferences").

[6] See 28 U.S.C. § 157(b)(2)(K) ("Core proceedings include . . . determinations of the validity, extent, or priority of liens."

In accordance with Local Rule 1.06(b), contemporaneous with the filing of this Notice of Removal, Mr. Myers is filing with the Clerk of the District Court a legible copy of each paper docketed in the Florida State Court Action.

Mr. Myers does not consent to entry of final orders or judgment by the bankruptcy court.

Mr. Myers reserves his rights under 11 U.S.C. § 362(k).

Dated: May 13, 2024

Respectfully submitted,

_____
Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2024, the foregoing NOTICE OF REMOVAL was filed with the Clerk of the District Court and a copy of same was was furnished via first class U.S. Mail, postage prepaid to the following parties:

Shawn Taylor, Esq.
DELUCA LAW GROUP, PLLC
2101 NE 26th Street
Fort Lauderdale, FL 33305
*Counsel for Plaintiff*

Barbara Ann Kelly
700 Gulf Shore Blvd. N.
Naples, Florida 34102

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*