**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CASE NO: 2:24-cv-452-JES-KCD
RELATED CASE NO: 2:23-CV-504-JES-NPM (*Remanded 1/25/2024 and on appeal*)
20TH JUD. CIR. FORCLOSURE CASE NO.: 2009-CA-010813

US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON CSFB 2005-11,
  Plaintiff,
vs.
BARBARA ANN KELLY A/K/A
BARBARA KELLY A/K/A BARBARA
RAE KELLY, et al.,
    Defendants.
_____/

**PLAINTIFF'S AMENDED MOTION TO REMAND UNDER THE ROOKER-FELDMAN DOCTRINE**

COMES NOW, Plaintiff, US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON CSFB 2005-11 ("Plaintiff"), by and through the undersigned counsel, and hereby files its Amended Motion to Remand on Defendants, Gregory B. Myers & Barbara Ann Kelly ("Defendants") due to the Notice of Removal filed by the Gregory Myers, and in support thereof, hereby states as follows:

**I.   BACKGROUND AND FACTS.**

1.   On December 17, 2009, Plaintiff filed its single count complaint for foreclosure against the Defendants under Case Number 2009-CA-010813.

2.   The suit was first noticed as Ready for trial on August 15, 2013. A Pre-Trial Conference was thereafter set by Order of the Court to occur on October 29, 2013.

3.   On October 29, 2013, the Defendant's Motion for Summary

19-03523-1

Judgment was denied, and Trial was set for January 15, 2014.

4. On January 10, 2014, the Court continued the Trial to March 19, 2014, due to pending motions filed by the Defendants that would include the withdrawal of their then counsel of record and to Disqualify the prior counsel representing the Plaintiff. Notably, this was the two hundred and seventy-eighth (278th) docket entry.

5. On February 7, 2014, Plaintiff filed a Motion to Strike the Defendants' Motion to Disqualify Plaintiff's Counsel based upon false allegations made within the Defendants' Motion and exposed during the Depositions of the Defendants.

6. On February 15, 2014, the Defendants withdrew their Motion to Disqualify Plaintiff's counsel.

7. On February 19, 2014, the Court entered an Order Continuing the March 19, 2014, Trial and instead converted that date to a Status Conference.

8. On April 02, 2014, Defendants filed their Motion to Amend Answer and Affirmative Defenses. This, the three hundred and seventy-seventh (377th) docket entry, was filed more than three (3) years after this suit was initially filed.

9. On November 10, 2014, the Court entered another Order Setting Trial and Pretrial Conference with the Pretrial Conference to occur on February 2, 2015, and Trial on February 20, 2015.

10. On January 8, 2015, the Defendants filed their Third Amended Answer and Affirmative Defenses.

11. On February 20, 2015, with all parties present, the Court Continued

19-03523-1

the trial again, this time it was set for April 16, 2015.

12. Trial was held on February 20, 2015, and the Court required each party to submit memoranda in support of their respective positions.

13. On September 9, 2015, the Court Granted Final Judgment in favor of Plaintiff, awarding $2,753,490.90 and setting a sale date of October 5, 2015. The Judgment was entered upon the docket as docket entry number six hundred and eighty-two (682).

14. On September 24, 2015, Defendants filed a Motion for Rehearing as to the arguments made during trial.

15. On September 25, 2015, Counsel for the Defendants filed a Motion to Withdraw from representation of the Defendants. Thereafter, the Defendants filed a Notice of Representation Pro Se. The Defendants also filed their own Motion for Rehearing that very same day.

16. On October 1, 2015, the Defendants filed a Notice of Appeal of Non-Final Order. Their counsel was also formally withdrawn this same day and the Motion for Rehearing was denied.

17. On October 1, 2015, the Court Granted Judgment in favor of Plaintiff for Attorneys Fees and Costs, awarding $264,733.25. The Judgment was entered upon the docket as docket entry number seven hundred thirty-three (733)

18. On October 2, 2015, the Sale was cancelled by Order of the Court.

19. On October 6, 2015, the Defendants filed their Motion for Disqualification as to Judge James R. Shenko.

20. On October 6, 2015, the Defendants filed their Motion to Stay Pending Appeal.

21. On October 15, 2015, the Defendants filed their Motion for New Trial. This Motion was denied the next day.

22. On October 30, 2015, the Defendants filed their second Notice of Appeal.

23. On November 11, 2015, the Defendants filed their Motion to Cancel the Sale set for November 19, 2015.

24. On November 13, 2015, the Court Granted the Defendants' Motion for Stay. However, they were required to post a bond in the amount of $916,197.20 prior to the November 19, 2015, sale date.

25. On November 18, 2015, the day before the sale, the Defendant, Gregory Myers, filed his first Suggestion of Bankruptcy, referring to a bankruptcy filed in the United States Bankruptcy Court for the District of Maryland.

26. On November 19, 2015, the sale was cancelled again, this time due to the suggestion of bankruptcy.

27. On November 18, 2015, the Second District Court of Appeal rendered their Order Denying the Defendants' Motion for Rehearing.

28. On April 3, 2018, Defendant Barbara Ann Kelly filed her first Suggestion of Bankruptcy, referencing a suit filed in the Bankruptcy Court for the District of Maryland.

29. On April 11, 2018, the Second District Court of Appeal issued its Mandate, Affirming the Lower Court's entry of Final Judgment. This Mandate

was subsequently recalled.

30. On August 29, 2018, Barbara Ann Kelly filed her Second Suggestion of Bankruptcy.

31. On November 27, 2018, the Second DCA issued its Mandate Affirming the Lower Court's Entry of Final Judgment.

32. On November 28, 2018, the Plaintiff moved to reschedule the sale.

33. On December 3, 2018, the Defendants filed another Notice of Appeal.

34. On January 7, 2019, the Court Ordered the foreclosure sale to proceed in 45 days of the Order (February 28, 2019.)

35. On February 6, 2019, the Defendants filed another Notice of Appeal.

36. On February 14, 2019, the Defendants filed a Motion to Cancel Sale.

37. On February 22, 2019, the Court denied the Defendant's Motion(s) to Cancel the Foreclosure Sale.

38. On February 27, 2019, on the eve of the sale, Gregory Myers filed another Suggestion of Bankruptcy.

39. The February 28, 2020, sale was cancelled due to the suggestion of bankruptcy.

40. On March 28, 2019, the Plaintiff filed a Motion to Reschedule the Foreclosure sale.

41. On May 2, 2019, the Defendants filed a Motion to Continue the May 6, 2019, hearing on the Motion to Reschedule the Foreclosure Sale.

42. On May 6, 2019, the Court Granted the Motion to reset the

Foreclosure Sale and set the sale for June 3, 2019. This Order is the nine hundred and sixty-second (962nd) docket entry.

43. On May 8, 2019, the Second DCA Dismissed the Appeal.

44. On May 29, 2019, the Defendants filed yet another Notice of Appeal.

45. On June 2, 2019, Gregory Myers filed the fifth(5th) Suggestion of Bankruptcy in this suit.

46. On June 3, 2023, the sale was cancelled.

47. On June 3, 2019, the Second DCA's Final Order of Dismissal was filed with the Court. This was followed by further dismissals of the pending appeals filed by the Defendants.

48. On September 9, 2019, the Plaintiff filed a Motion to Reschedule Foreclosure Sale.

49. On October 2, 2019, the Motion to Reschedule Foreclosure Sale was Granted and set a news sale date of October 31, 2019.

50. On October 28, 2019, the Defendants filed a Notice of Appeal.

51. On October 31, 2023, the day of the sale, Barbara Ann Kelly filed the sixth (6th) Suggestion of Bankruptcy in this suit.

52. On November 25, 2019, the Second DCA's Order of Dismissal was filed with the Court.

53. On July 10, 2020, the Order dismissing the Bankruptcy was filed with the Circuit Court.

54. On February 17, 2021, Gregory Myers filed seventh (7th) Suggestion of Bankruptcy.

19-03523-1

55. On June 14, 2021, the Plaintiff filed yet another motion to Reset Foreclosure Sale, attaching Bankruptcy documents showing that it had leave to seek In Rem relief from the Bankruptcy Court.

56. On April 28, 2022, the Court rescheduled the foreclosure sale for May 26, 2022.

57. On April 29, 2022, Defendants filed an Emergency Motion to Vacate the Order rescheduling the foreclosure sale. This was the one thousand and forty-third (1,043rd) docket entry.

58. On May 17, 2022, the Court cancelled the foreclosure sale.

59. On January 17, 2023, the Plaintiff moved to reset the foreclosure sale and attached to it an "Order Granting Amended Motion for Order Confirming Termination of the Automatic Stay" as executed by the Hon. Caryl E. Delano of the United States Bankruptcy Court Middle District of Florida Fort Myers Division.

60. On February 15, 2023, the Defendants filed yet another Notice of Appeal, this time with the newly formed Sixth DCA.

61. On February 17, 2023, the Court entered an Order resetting the foreclosure sale for March 9, 2023.

62. On March 8, 2023, the Defendants filed the eighth (8th) Suggestion of Bankruptcy, again, on the eve of the sale. This resulted in the cancellation of the sale.

63. On March 16, 2023, the Plaintiff filed its Motion to Reschedule Foreclosure sale. This Motion was granted the very next day, setting sale for April

19-03523-1

20, 2023.

64. On April 19, 2023, the Court denied yet another Motion to Cancel Sale.

65. On April 20, 2023, the day of the sale, the Defendants filed their ninth (9th) Suggestion of bankruptcy. This resulted in yet another canceled sale date.

66. On July 24, 2023, the Defendant filed a Notice of Removal to this Federal Court, this was the one thousand one hundred and twenty-third (1123rd) docket entry on the State Circuit Court docket.

67. On December 11, 2023, The United States Bankruptcy Court for the District of Maryland, Bankruptcy Petition# 23-12700, entered an Order Dismissing the Defendants' Bankruptcy case ***With Prejudice*** and ***Barring Refiling for Four Years*** as to Barbara Kelly's most recent filing. Included with this dismissal was a detailed Memorandum opinion that provided the Court's analysis of the abusive tactics employed by the Defendants. This analysis also noted that ***Mr. Myers is also barred from filing for bankruptcy for a period of two (2) years***.

68. On or about January 25, 2024, the United States District Court for the Middle District of Florida Fort Myers Division issued a remand order and amended remand order regarding removal case 2:23-cv-504-JES-NPM. Included with the remand order was an analysis that the District Court lacked subject matter jurisdiction. These were the one thousand one hundred and twenty-six and one thousand one hundred and twenty-seven (1126th and 1127th) docket

19-03523-1

entries on the State Circuit Court docket.

69. Following the remand, on February 16, 2024, the foreclosure sale pursuant to the entered final judgment of foreclosure was requested to be reset by the State Court.

70. On February 20, 2024, and February 29, 2024, Gregory Myers filed opposition to the rescheduling of the foreclosure sale.

71. On or about April 15, 2024, the state Court heard from the parties, granting Plaintiff's request to set the foreclosure sale for May 16, 2024.

72. On or about May 9, 2024, Barbara Kelly and Gregory Myers filed an Emergency Motion to Cancel the May 16, 2024, foreclosure sale.

73. On or about May 9, 2024, Gregory Myers filed a Motion for Rehearing of the order granting the scheduling of the sale now set for May 16, 2024.

74. On May 10, 2024, Plaintiff filed its responses in opposition to the Emergency Motion to Cancel the Sale and to the Motion for Rehearing.

75. On May 13, 2024, an order was entered denying the Motion for Rehearing.

76. On May 13, 2024, the Defendant, Gregory Myers, filed his second Notice of Filing Notice of Removal to this Federal Court, this was the one thousand one hundred and sixty-third (1163rd) docket entry on the State Circuit Court docket. Contained within the second Notice of Removal is the assertion that even improper removal will terminate the state court's jurisdiction. Additionally, Defendant, Gregory Myers, alleges that relief from the automatic stay in United States Bankruptcy Court for the District of Maryland, Bankruptcy

19-03523-1

Petition# 15-26033 was not granted.

II.     **ARGUMENT.**

**The Federal District Courts Are Not a Forum For State Court Appeals.**

The Supreme Court of the United States determined "Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify the judgment for errors of that character. Judicial Code, § 237, as amended September 6, 1916, c. 448, § 2, 39 Stat. 726. To do so would be an exercise of appellate jurisdiction. ***The jurisdiction possessed by the District Courts is strictly original***. Judicial Code, § 24. Besides, the period within which a proceeding might be begun for the correction of errors such as are charged in the bill had expired before it was filed, Act September 6, 1916, c. 448, § 6, 39 Stat. 726, and, as is pointed out in *Voorhees v. Bank of United States*, supra, after that period elapses an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly." *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-416 (U.S. 1923). ***Emphasis Added***. This being a question of jurisdiction, wherein the Federal Court lacks jurisdiction, the Court must remand the suit back to the State Court and may do so pursuant to a motion filed at any time.

The New Jersey District Court provided a very succinct set of rules determining when the "Rooker-Feldman Doctrine" would apply when it rendered its decision in *Brown v. Brown*, 2017 U.S. Dist. Lexis 68106. "(1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the]

19-03523-1

state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.*

As outlined above, the tortured history of this foreclosure action encompassed all parties named herein and rendered a full and complete judgment of all issues presented. (1) Judgment was entered against the Defendants, whom are the movant that has brought this action before this Court; (2) The Defendants have not proffered any additional issues, they are directly seeking this Court's review of the State Court's rulings; (3) The state Court's Final Judgment was rendered YEARS prior to this action being brought before this Court; (4) The Defendants are inviting this Court to review and reject the judgment entered by the State Court. Again, the relevant parties have not changed, this remains nothing more than a foreclosure action filed by the Plaintiff against the borrower Defendants, there is no justification for its removal to Federal Court and doing so is in clear violation of long-standing precedence.

The above factual allegations, though extensive for a foreclosure action, are abbreviated for the sake of the reader. Nonetheless, the record is replete with instances of judicial review, protecting the due process rights of the Defendants, even to the extreme detriment of the Plaintiff. Time and time again, the Borrowers moved for Re-hearings, Reconsiderations, and filed Multiple Appeals. Each issue has been reviewed and ruled upon by the Circuit Court and the Appellate Court, including an appeal that was placed on hold due to the Defendant's removal to this Court.

19-03523-1

The bad faith litigation employed by the Defendants has not gone unnoticed. As the Court can see within the documents filed by the Plaintiff, the Bankruptcy Court governing the District of Maryland saw fit to issue Orders providing Plaintiff and other Creditors *Extraordinary Relief*. Relief that was intended to prevent further abuses inflicted upon the Plaintiff at the hands of the Defendants.

Having exhausted the bankruptcy Court's Patience and all procedural avenues available within the Circuit and Appellate Courts of the State of Florida, the Defendants are now attempting to further prolong litigation within this Court. However, as stated above, doing so is a very clear violation of the *Rooker-Feldman Doctrine*. This Court must prevent the Defendants from inflicting any further delay and abuse upon the Plaintiff, a Plaintiff that has endured fifteen(15) years of litigation throughout three different jurisdictions in an effort to simply resolve a foreclosure action in which it attain judgment approximately nine (9) years ago.

Further, the Defendant, Gregory Myers, allegations that relief from the automatic stay in United States Bankruptcy Court for the District of Maryland, Bankruptcy Petition# 15-26033 was never granted is a fallacy. Attached herein, as composite exhibit A, are copies of the order granting the motion from relief from automatic stay and the subsequent order denying Defendant, Gregory Myers motion to reconsider, alter, or amend the order granting the motion for relief from automatic stay. Relief in United States Bankruptcy Court for the District of Maryland, Bankruptcy Petition# 15-26033 was granted on October

19-03523-1

19, 2021 and the subsequent order denying Defendant, Gregory Myers motion to reconsider, alter, or amend the order granting the motion for relief from automatic stay was entered March 15, 2022. The claims and allegation of Defendant, Gregory Myers are frivolous, false, misleading, meant for purposes of delay and clearly rebutted.

Therefore, Plaintiff seeks not only entry of an order remanding this action back to state court, specifically, the 20th Judicial Circuit Court in and for Collier County, Florida, but due to the repeated and numerous frivolous filings in this Court, which includes, without limitation two notices of removal filed solely for the purpose of delaying proceedings, committing intentional judicial waste, and making a mockery of the judicial system, the undersigned and Plaintiff respectfully request and move this Court to enter an order remanding the case back to state court to allow for final execution of Plaintiff's judgment via judicial foreclosure auction and that the remand order also precludes the Clerk of this Court from accepting any further notices of removal from Gregory Myers or Barbara Kelly that are not signed off on by an attorney licensed in the State of Florida in good standing with the Florida Bar.

Neither the relief sought, nor the abusive tactics employed by the Defendnts are novel. Unfortunately, it appears as though foreclosure Defendants view the Federal Court System as a device for delay. Plaintiff refers the Court to the Southern District of Florida case, *5AIF Maple 2 LLC, Plaintiff, v. 5725 Lagorce Partners LLC and Mark Kreisler*: case no. 05-14-2021, wherein, "Plaintiff argued the Defendant's removal was merely a "ploy to stall a 'foreclosure sale'" set by

19-03523-1

the state court." Citing to *MJM Structural Corp. v. Columbus Apts., LLC*, No. 21-20631-Civ, 2021 WL 1762185, at *2-3 (S.D. Fla. April 5, 2021).

Clearly, this abhorrent litigation strategy must come to an end and the justice of finality afforded to the Plaintiff.

To the best of Plaintiff's knowledge and belief, the Court's granting of the instant Motion or the relief requested herein will not prejudice any party to this action. However, the Court's denial of the instant Motion and relief requested herein will unduly prejudice Plaintiff.

Therefore, Plaintiff, US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON CSFB 2005-11, respectfully requests and moves this Court to grant Plaintiff's instant Motion and enter an Order Remanding the suit back to the State Circuit Court and enter an order to direct all federal Clerk's to not accept notice of removal from either Barbara Kelly or Gregory Myers that are not signed off by a licensed attorney in good standing and granting any such other and further relief as this Court deems just and proper.

## Local Rule 3.01(g) Certification[1]

The movant has sought to confer in good faith with the non-movant Myers, via email communication and telephone communications, prior to the filing of this motion, but has not received a response from the non-movant Gregory Myers. Therein the parties have not resolved the underlying issues raised in this motion

---

[1] A prior motion for remand docketed as Docket Entry 15 was denied without prejudice in order to comply with local rule 3.01, the refiling here is to provide compliance with the local rule.

19-03523-1

due to the lack of response from the non-movant.

s/Michael V. Supple, Esq.
Michael Vincent Supple, Esq.

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Electronic Mail pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516 and /or by U.S. Mail to any other parties in accordance with the service list below on this  8th   day of July 2024.

| s/Michael V. Supple, Esq.<br>Michael Vincent Supple, Esq.<br>DELUCA LAW GROUP, PLLC<br>2101 NE 26th Street, Fort Lauderdale, FL 33305<br>T: (954) 368-1311 \| Fax: (954) 200-8649<br>Bar Number: 92080<br>Email:msupple@delucalawgroup.com<br>DESIGNATED PRIMARY E-MAIL FOR SERVICE PURSUANT TO FLA. R. GEN. PRAC. & JUD. ADMIN. 2.516<br>service@delucalawgroup.com | s/Orlando DeLuca, Esq.<br>Orlando DeLuca, Esq.<br>DELUCA LAW GROUP, PLLC<br>2101 NE 26th Street, Fort Lauderdale, FL 33305<br>T: (954) 368-1311 \| Fax: (954) 200-8649<br>Bar Number: 719501<br>Email:Odeluca@delucalawgroup.com<br>DESIGNATED PRIMARY E-MAIL FOR SERVICE PURSUANT TO FLA. R. GEN. PRAC. & JUD. ADMIN. 2.516<br>service@delucalawgroup.com |
|---|---|

## SERVICE LIST

**GREGORY B. MYERS**
700 GULFSHORT BLVD N.
NAPLES, FLORIDA 34102
gregbmyers@verizon.net

**BARBARA ANN KELLY A/K/A BARBARA KELLY A/K/A BARBARA RAE KELLY**
700 GULF SHORE BLVD N
NAPLES, FL 34102
bakellymyers@verizon.net

19-03523-1