UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

US BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston CSFB 2005-11,

    Plaintiff,

v.

GREGORY B. MYERS, BARBARA ANN KELLY, UNKNOWN SPOUSE OF BARBARA ANN KELLY, SUNTRUST BANK, NAVY FEDERAL CREDIT UNION, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, TENANT #1, TENANT #2, TENANT #3, AND TENANT #4, the names being fictitious to account for parties in possession, and ALL UNKNOWN CLAIMANTS, claiming by, through, under, and against the herein named individual defendants) who are not known to be dead or alive, whether said unknown parties may claim an interest as spouses, heirs, devisees, grantees, or other claimants,

    Defendants.

Case No: 2:24-cv-452-JES-KCD

**OPINION AND ORDER**

This matter comes before the Court on US Bank National Association's Amended Motion to Remand Under the Rooker-Feldman Doctrine (Doc. #26) filed on July 8, 2024. On August 6, 2024, Gregory B. Myers and Barbara Ann Kelly filed a Response in

Opposition (Doc. #39) and Gregory B. Myers filed a Counterclaim (Doc. #38) along with the Response alleging that it provides an independent basis for federal jurisdiction.

On May 13, 2024, defendant Gregory B. Myers filed a Notice of Removal (Doc. #1) seeking to remove the case on the basis of 28 U.S.C. §§ 1332 and 1334.  Mr. Myers asserts that diversity exists and the residence to be foreclosed is property of the estate in his Maryland bankruptcy case.  As a preliminary matter, this is not the first attempt to remove the Mortgage Foreclosure Complaint (Doc. #10) from Collier County Circuit Court.  See US Bank Nat'l Assoc. v. Kelly, 2:23-cv504-JES-NPM (M.D. Fla.)  The Court found that removal was untimely, there was a lack of consent by the other defendants, and that the Court lacked jurisdiction to review a final judgment on foreclosed property under the Rooker-Feldman[1] doctrine.

The state court action was originally filed in 2009, ready for trial in 2013, finally proceeded to trial in 2015, with final judgment, including an award of attorney fees and costs, being entered in favor of plaintiff.  A foreclosure sale date was set, cancelled, and reset for going on a decade after numerous state appeals, nine separate bankruptcy filings by Mr. Myers and Ms.

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150 (1923).

Kelly, the dismissal with prejudice of the bankruptcy cases, and a prior attempted removal to federal court. The case has returned to federal court once again. Plaintiff seeks remand and to preclude Mr. Myers or Ms. Kelly from further notices of removal that are not signed by an attorney licensed to practice law in the State of Florida and in good standing with The Florida Bar.

The Court has already determined that removal was untimely and barred by Rooker-Feldman. The facts and applicable law have not changed since the last removal. Further, subject-matter jurisdiction premised on the presence of a federal question in a counterclaim cannot serve as a basis for removal. The United States Supreme Court has unequivocally "conclude[d] that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." Home Depot U. S. A., Inc. v. Jackson, No. 17-1471, 2019 WL 2257158, at *4 (U.S. May 28, 2019). The Court finds no subject matter jurisdiction and will grant the motion to remand.

The Court further finds that a restriction on further removals from Collier County Court, Case Number 11-2009-CA-10813, is appropriate. Federal courts may limit frivolous suits on a case-by-case basis. Cofield v. Alabama Pub. Serv. Comm'n, 936 F.2d 512, 518 (11th Cir. 1991). "The right of access to the courts 'is neither absolute nor unconditional.' [] Conditions and restrictions on each person's access are necessary to preserve the

judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (internal citation omitted). "The All Writs Act provides that the 'Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1099 (11th Cir. 2004)] (quoting 28 U.S.C. § 1651(a)). This power includes the authority 'to enjoin litigants who are abusing the court system by harassing their opponents.'" Foley v. Orange Cnty., No. 23-12740, 2024 WL 3517648, at *2 (11th Cir. July 24, 2024) (citation omitted). The Court will no longer accept removals by Mr. Myers and Ms. Kelly from the foreclosure case.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As this is not the first attempted removal of 11-2009-CA-010813, the Court will entertain a request for attorney's fees and costs if another removal is attempted.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Amended Motion to Remand Under the Rooker-Feldman Doctrine (Doc. #26) is **GRANTED**. The case is

remanded to the Collier County Circuit Court for all further proceedings. The Clerk shall transmit the record, terminate all deadlines and motions, and close the file.

2. The Clerk shall not accept any other Notice of Removals or assign a new case number stemming from the Collier County Court, Case Number 11-2009-CA-10813, from Gregory B. Myers and Barbara Ann Kelly, separately or together, that are not signed by an attorney licensed to practice law in the State of Florida and in good standing with The Florida Bar and the Middle District of Florida Bar. Any attempted filings shall be returned without filing on the docket, but the receipt of an attempted filing shall be noted on the docket of this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of September 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record