**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON CSFB 2005-11,

      Plaintiff,

v.                            Case No.: 2:24-CV-452-JES-KCD

BARBARA ANN KELLY, et al.,

      Defendants.

_____/

**MOTION TO ALTER OR AMEND A JUDGMENT**

Gregory B. Myers ("Mr. Myers" or "Movant"), *pro se*, pursuant to Federal Rule of Civil Procedure 59(e), hereby moves this Honorable Court to reconsider the OPINION AND ORDER (Doc. 53) (the "Order") entered on September 6, 2024. In support, Mr. Myers respectfully states as follows:

**I.      Background.**

On May 13, 2024, pursuant to 28 U.S.C. §§ 1334 and 1452, Mr. Myers filed a *Notice of Removal* (Doc. #1), removing to the United States District Court for the Middle District of Florida (the "District Court") that certain cause of action filed in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida ("State Court"), styled *US Bank National Association, As Trustee For Credit Suisse First Boston CSFB 2005-11 v. Barbara Ann Kelly, et al. ,* Case No. 11-2009-CA-010813 (the "State Court Action").

On May 15, 2024, the Court entered a CIVIL ACTION ORDER in this case (Doc. #3) (the "Civil Action Order"). The Civil Action Order states in pertinent part:

        **12. Mediation**

1

All actions will be referred to mandatory mediation. *See* Local Rule 4.03. **When filing the CMR**, the parties must designate a mediator and state whether the mediator is certified by this court. If the parties request leave to use a mediator who is not certified by the court, then they must explain in the CMR why their proposed mediator is particularly well suited to achieve a resolution.

**13. Compliance**

The parties **must** employ the federal and local rules to secure the just, speedy, and inexpensive disposition of this action. S*ee* Fed. R. Civ. P. 1; 16(c)(2)(P).

(Emphasis in original).

On July 8, 2024, US Bank National Association, As Trustee For Credit Suisse First Boston CSFB 2005-11 ("US Bank"), filed *Plaintiff's Amended Motion to Remand Under the Rooker-Feldman Doctrine* (Doc. #26) (the "Amended Motion to Remand").

On August 6, 2024, Gregory B. Myers ("Mr. Myers" or "Counterplaintiff") filed a *Counterclaim And Demand For Trial By Jury* (Doc. #38) (the "Counterclaim") against US Bank National Association, As Trustee For Credit Suisse First Boston CSFB 2005-11 ("US Bank" or "Counterdefendant").

On August 28, 2024, this Court entered an ENDORSED ORDER (Doc. #46), stating:

> **ENDORSED ORDER requiring Counter Defendant US Bank National Association to show cause as to why it failed to respond to Defendant Gregory B. Myers's counterclaim (Doc. 38) within the time required by Fed. R. Civ. P. 12(a)(1)(B). No later than 9/4/2024, <u>Defendant must respond in writing to the counterclaim (Doc. 38)</u> and file a written response to this Order showing cause why it failed to do so in the time provided. Signed by Magistrate Judge Kyle C. Dudek on 8/28/2024. (DM)** (Entered: 08/28/2024)

(Underlining supplied).

On September 3, 2024, US Bank filed *Plaintiff's Verified Response To Order To Show Cause* (Doc. # 47) which, inter alia, states as follows:

2

11. The Florida Rules of Civil Procedure provide that, "the Court my relieve a party or a party's representative from a [decree, order or proceeding] for the following reasons: (1) misstate, inadvertence, surprise or excusable neglect." Rule 1.540(b) Fla. R. Civ. Pro.

12. Similar to Rule 1.540(b) Fla. R. Civ. Pro, **Federal rule 60(a) and Federal Rule(b)(1)** provide for corrections based on clerical mistakes; oversights and omissions based on mistake, inadvertence, surprise, or excusable neglect.

13. Inaction resulting from clerical or secretarial error, reasonable misunderstanding, a system gone awry, or any other of the foibles to which human nature is heir, are examples of where excusable neglect may be found. *Bethesda Memorial Hosp. Inc. v. Laska*, 977 So.2d 804, 806 (Fla 4th DCA 2008). However, the circumstances constituting excusable neglect that will justify Rule 1.540 relief are not precisely defined, and the facts of each case are singular importance in determining whether relief should be granted. *Schwab & Co. v. Breezy Bay, Inc.*, 360 So.2d 117, 118 (Fla. 3d DCA 1978). Upon timely application, accompanied by a reasonable and credible explanation, the matter should be permitted to be hearing on the merits. *Bethesda Memorial Hosp*, 977 So.2d at 806 (Fla. 4th DCA 2008)

14. **Similarly, Federal Rule of Civil Rule 60(b) allows a party to seek relief or reopen a civil case** based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; and (6) "any other reason that justifies relief." **Fed. R. Civ. P. 60(b).** *United States v. Knowles*, **638 Fed. Appx. 977, 979 (11th Cir. 2016).**

15. Based on the above, the failure to appear was not a willful disregarding of this Court's authority, but simply a breakdown in a process, and a mistake that resulted in Counsel awaiting an Order approving the Counterclaims to which the undersigned will ensure is corrected to ensure it is not repeated.

(Emphasis supplied). The *Plaintiff's Verified Response To Order To Show Cause* (Doc. # 47)

states in the caption: "RELATED CASE NO: 2:23-CV-504-JESNPM (*Remanded 1/25/2024 and on appeal*)".

On September 3, 2024, US Bank filed *Plaintiff's Motion To Strike And Or Dismiss Unauthorized Defendant Counterclaim And Demand For Jury Trial* (Doc. # 48) which, inter alia, states "[t]he Defendants' Counterclaims each sound in equity and are based upon the Mortgage in which the right to jury trial has been waived." US Bank's *Motion To Strike* further "requests and moves this Court to grant Plaintiff's instant Motion and enter an Order Striking the Counterclaims, and granting any such other and further relief as this Court deems just and proper."

On September 5, 2024, US Bank filed *Plaintiff's Notice Of Selection Of Mediator* (Doc. #50), which states:

> The Plaintiff, US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON CSFB 2005-11 ("US Bank" and/or "Plaintiff") by and through its undersigned attorney and pursuant to this Court files this notice of selection of mediator should this matter require mediation. Certified Mediator Viktoria Collins, Esq would be Plaintiff's choice of mediator should this matter require mediation/proceed to mediation.

On September 6, 2024, this Court entered an OPINION AND ORDER (Doc. #53) (the "Order"). The Order states in pertinent part:

## I.   Standard of Review.

A district court may alter or amend a final judgment under Rule 59(e) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017) (internal citation omitted). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or bases the decision upon findings of fact that are clearly erroneous." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010) (quotation marks omitted).

II.     **Grounds for Reconsideration.**

This Court's Order (Doc. #53) is erroneous for numerous reasons and must be reversed in order to correct clear error of law and to prevent manifest injustice.

As a threshold matter, this Court's decision in *US Bank Nat'l Assoc. v. Kelly*, 2:23-cv504-JES-NPM (M.D. Fla.) is currently on appeal in the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit"), USCA11 Case: 24-10575. This Court is divested of jurisdiction at this time to make determinations and rulings concerning *US Bank Nat'l Assoc. v. Kelly*, 2:23-cv504-JES-NPM (M.D. Fla.) (i.e., "[t]he Court has already determined that removal was untimely") as that case is currently on appeal in the Eleventh Circuit, USCA11 Case: 24-10575.

Further, US Bank forfeited any procedural objection to removal in this case. *See Shipley v. Helping Hands Therapy*, 996 F.3d 1157 (11th Cir. 2021), *cert. denied*, 211 L.Ed.2d 568 (Jan. 18, 2022) ("[B]ecause Shipley did not file a motion to remand based on a procedural defect within the 30-day time limit required by the statute-Shipley forfeited any procedural objection to removal."). Because US Bank did not file a motion to remand based on a procedural defect within the 30-day time limit required by the statute, US Bank forfeited any procedural objection to removal (i.e., that removal was untimely).

Contrary to this Court's Order (Doc. #53), this Court ***does*** have subject matter jurisdiction in this case, and Mr. Myers's *Counterclaim And Demand For Trial By Jury* (Doc. #38) ***does*** "provide[] an independent basis for federal jurisdiction." As alleged in the Counterclaim, this Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 because each of the counterclaims exceed the sum or value of $75,000, exclusive of interest and costs, and the parties are citizens of different states. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331, because one or more of Mr. Myers's counterclaims arise under federal law

and are a substantial component of his Counterclaim. This Court also has jurisdiction for any supplemental state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction under 28 U.S.C. § 1452 which provides for removal of claims or causes of action in civil actions pending in state or federal courts when the claim or cause of action is within the jurisdiction conferred by 28 U.S.C. §1334(b), which confers jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Moreover, Mr. Myers did not remove the instant case "premised on the presence of a federal question in a counterclaim." To the contrary, Mr. Myers removed this case pursuant to 28 U.S.C. §§ 1334 and 1452 (the bankruptcy removal statute). In fact, Mr. Myers's *Counterclaim And Demand For Trial By Jury* (Doc. #38) was filed on August 6, 2024—almost 3 months after the case had been removed. Accordingly, the holding in *Home Depot U. S. A., Inc. v. Jackson*, No. 17-1471, 2019 WL 2257158, at *4 (U.S. May 28, 2019) is of no moment.

It is also the case that US Bank also filed a motion pursuant Federal Rule of Civil Rule 60(b) in which it takes the position that it "allows a party to seek relief or reopen a civil case." However, the Court completely ignored US Bank's motion premised on Federal Rule of Civil Rule 60(b).

This Court's August 28, 2024, ENDORSED ORDER (Doc. #46), states that "[n]o later than 9/4/2024, Defendant must respond in writing to the counterclaim (Doc. 38)." US Bank failed to file a response to Mr. Myers's Counterclaim and therefore the ENDORSED ORDER (Doc. #46) has become a final judgment. See *Fernandez v. Freedom Health, Inc.*, No. 22-13823, 2023 WL 4196950, at *2 (11th Cir. June 27, 2023) ("When the judgment became final, the district court "surrendered jurisdiction" and its orders entered "after that time were a nullity and must be vacated.").

The facts and applicable law **_have_** changed since the last removal, as evidenced by the allegations in the Counterclaim, and this removal was not frivolous. Moreover, due process requires that Mr. Myers be given fair notice that his conduct may warrant sanctions and the reasons why. *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). The District Court did not meet those notice requirements here before sanctioning Mr. Myers and enjoining him from vindicating his rights in federal court.

The Court's Order (Doc. 53) also indicates that it was entered pursuant to the All Writs Act which provides that the 'Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004)] (quoting 28 U.S.C. § 1651(a)). The Court's Order (Doc. 53) further states "[t]his power includes the authority 'to enjoin litigants who are abusing the court system by harassing their opponents'," citing *Foley v. Orange Cnty.*, No. 23-12740, 2024 WL 3517648, at *2 (11th Cir. July 24, 2024) (citation omitted). Mr. Myers objects to any suggestion that he is "abusing the court system by harassing [his] opponents." Mr. Myers entered into a settlement agreement with US Bank and the resolution of that matter is currently on appeal in the Eleventh Circuit as USCA11 Case: 23-13409.

Mr. Myers reserves the right to amend the instant motion.

WHEREFORE, Mr. Myers respectfully requests that the Court enter an order vacating the Court's OPINION AND ORDER (Doc. #53) and grant such other and further relief as is just.

RESPECTFULLY SUBMITTED on this 2th day of October 2024.

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2024, the foregoing MOTION TO ALTER OR

AMEND A JUDGMENT was filed with the Clerk of the District Court and a copy of same was

was furnished via first class U.S. Mail, postage prepaid to the following parties:

Shawn Taylor, Esq.
DELUCA LAW GROUP, PLLC
2101 NE 26th Street
Fort Lauderdale, FL 33305
*Counsel for US Bank*

Barbara Ann Kelly
700 Gulf Shore Blvd. N.
Naples, Florida 34102

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*

.