UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO: 2:24-cv-452-JES-KCD
RELATED CASE NO: 2:23-CV-504-JES-NPM (*Remanded 1/25/2024 and on appeal*)
20TH JUD. CIR. FORCLOSURE CASE NO.: 2009-CA-010813

US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR CREDIT SUISSE
FIRST BOSTON CSFB 2005-11,
  Plaintiff,
vs.
BARBARA ANN KELLY A/K/A
BARBARA KELLY A/K/A BARBARA
RAE KELLY, et al.,
     Defendants.
_____/

**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDAN'TS MOTION TO ALTER OR AMEND A JUDGMENT**

COMES NOW, Plaintiff, US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON CSFB 2005-11 ("Plaintiff"), by and through the undersigned counsel, and hereby files its Response to Defendant's Motion to Alter or Amend a Judgment, and in support thereof, hereby states as follows:

**I.    Brief Relevant History**

1. On December 17, 2009, Plaintiff filed its single count State Trial Circuit Court complaint for foreclosure against the Defendants under Case Number 2009-CA-010813.

2. Trial was held in the State Circuit Trial Court on February 20, 2015, and the Court required each party to submit memoranda in support of their respective positions.

3. On September 9, 2015, the Court Granted Final Judgment in favor of

19-03523-1

Plaintiff, awarding $2,753,490.90 and setting a sale date of October 5, 2015. The Judgment was entered upon the docket as docket entry number six hundred and eighty-two (682).

4. On September 24, 2015, Defendants filed a Motion for Rehearing as to the arguments made during trial.

5. On October 1, 2015, the Defendants filed a Notice of Appeal of Non-Final Order. Their counsel was also formally withdrawn this same day and the Motion for Rehearing was denied.

6. On October 1, 2015, the Court Granted Judgment in favor of Plaintiff for Attorneys Fees and Costs, awarding $264,733.25. The Judgment was entered upon the docket as docket entry number seven hundred thirty-three (733)

7. On October 2, 2015, the Sale was cancelled by Order of the Court.

8. On October 15, 2015, the Defendants filed their Motion for New Trial. This Motion was denied the next day.

9. On October 30, 2015, the Defendants filed their second Notice of Appeal.

10. On November 11, 2015, the Defendants filed their Motion to Cancel the Sale set for November 19, 2015.

11. On November 13, 2015, the Court Granted the Defendants' Motion for Stay. However, they were required to post a bond in the amount of $916,197.20 prior to the November 19, 2015, sale date.

12. On November 18, 2015, the day before the sale, the Defendant, Gregory Myers, filed his first Suggestion of Bankruptcy, referring to a bankruptcy

19-03523-1

filed in the United States Bankruptcy Court for the District of Maryland.

13. On November 19, 2015, the sale was cancelled again, this time due to the suggestion of bankruptcy.

14. On November 18, 2015, the Second District Court of Appeal rendered their Order Denying the Defendants' Motion for Rehearing.

15. On April 3, 2018, Defendant Barbara Ann Kelly filed her first Suggestion of Bankruptcy, referencing a suit filed in the Bankruptcy Court for the District of Maryland.

16. On April 11, 2018, the Second District Court of Appeal issued its Mandate, Affirming the Lower Court's entry of Final Judgment. This Mandate was subsequently recalled.

17. On August 29, 2018, Barbara Ann Kelly filed her Second Suggestion of Bankruptcy.

18. On November 27, 2018, the Second DCA issued its Mandate Affirming the Lower Court's Entry of Final Judgment.

19. On November 28, 2018, the Plaintiff moved to reschedule the sale.

20. On December 3, 2018, the Defendants filed another Notice of Appeal.

21. On January 7, 2019, the Court Ordered the foreclosure sale to proceed in 45 days of the Order (February 28, 2019.)

22. On February 6, 2019, the Defendants filed another Notice of Appeal.

23. On February 14, 2019, the Defendants filed a Motion to Cancel Sale.

24. On February 22, 2019, the Court denied the Defendant's Motion(s) to Cancel the Foreclosure Sale.

25. On February 27, 2019, on the eve of the sale, Gregory Myers filed another Suggestion of Bankruptcy.

26. The February 28, 2020, sale was cancelled due to the suggestion of bankruptcy.

27. On March 28, 2019, the Plaintiff filed a Motion to Reschedule the Foreclosure sale.

28. On May 6, 2019, the Court Granted the Motion to reset the Foreclosure Sale and set the sale for June 3, 2019. This Order is the nine hundred and sixty-second (962nd) docket entry.

29. On May 8, 2019, the Second DCA Dismissed the Appeal.

30. On May 29, 2019, the Defendants filed yet another Notice of Appeal.

31. On June 2, 2019, Gregory Myers filed the fifth(5th) Suggestion of Bankruptcy in this suit.

32. On June 3, 2023, the sale was cancelled.

33. On June 3, 2019, the Second DCA's Final Order of Dismissal was filed with the Court. This was followed by further dismissals of the pending appeals filed by the Defendants.

34. On September 9, 2019, the Plaintiff filed a Motion to Reschedule Foreclosure Sale.

35. On October 2, 2019, the Motion to Reschedule Foreclosure Sale was Granted and set a news sale date of October 31, 2019.

36. On October 28, 2019, the Defendants filed a Notice of Appeal.

37. On October 31, 2023, the day of the sale, Barbara Ann Kelly filed the sixth

19-03523-1

(6th) Suggestion of Bankruptcy in this suit.

38. On November 25, 2019, the Second DCA's Order of Dismissal was filed with the Court.

39. On July 10, 2020, the Order dismissing the Bankruptcy was filed with the Circuit Court.

40. On February 17, 2021, Gregory Myers filed seventh (7th) Suggestion of Bankruptcy.

41. On June 14, 2021, the Plaintiff filed yet another motion to Reset Foreclosure Sale, attaching Bankruptcy documents showing that it had leave to seek In Rem relief from the Bankruptcy Court.

42. On April 28, 2022, the Court rescheduled the foreclosure sale for May 26, 2022.

43. On April 29, 2022, Defendants filed an Emergency Motion to Vacate the Order rescheduling the foreclosure sale. This was the one thousand and forty-third (1,043rd) docket entry on the State Circuit Trial Court docket.

44. On May 17, 2022, the Court cancelled the foreclosure sale.

45. On January 17, 2023, the Plaintiff moved to reset the foreclosure sale and attached to it an "Order Granting Amended Motion for Order Confirming Termination of the Automatic Stay" as executed by the Hon. Caryl E. Delano of the United States Bankruptcy Court Middle District of Florida Fort Myers Division.

46. On February 15, 2023, the Defendants filed yet another Notice of Appeal, this time with the newly formed Sixth DCA.

47. On February 17, 2023, the Court entered an Order resetting the foreclosure sale for March 9, 2023.

48. On March 8, 2023, the Defendants filed the eighth (8th) Suggestion of Bankruptcy, again, on the eve of the sale. This resulted in the cancellation of the sale.

49. On March 16, 2023, the Plaintiff filed its Motion to Reschedule Foreclosure sale. This Motion was granted the very next day, setting sale for April 20, 2023.

50. On April 19, 2023, the Court denied yet another Motion to Cancel Sale.

51. On April 20, 2023, the day of the sale, the Defendants filed their ninth (9th) Suggestion of bankruptcy. This resulted in yet another canceled sale date.

52. On July 24, 2023, the Defendant filed a Notice of Removal to this Federal Court, this was the one thousand one hundred and twenty-third (1123rd) docket entry on the State Circuit Court docket and resulted in Case Number 2:23-cv-504-JES-NPM.

53. On December 11, 2023, The United States Bankruptcy Court for the District of Maryland, Bankruptcy Petition# 23-12700, entered an Order Dismissing the Defendants' Bankruptcy case With Prejudice and Barring Refiling for Four Years as to Barbara Kelly's most recent filing. Included with this dismissal was a detailed Memorandum opinion that provided the Court's analysis of the abusive tactics employed by the Defendants. This analysis also noted that Mr. Myers is also barred from filing for bankruptcy

19-03523-1

for a period of two (2) years.

54. On or about January 25, 2024, the United States District Court for the Middle District of Florida Fort Myers Division issued a remand order and amended remand order regarding removal case 2:23-cv-504-JES-NPM. Included with the remand order was an analysis that the District Court lacked subject matter jurisdiction. These were the one thousand one hundred and twenty-six and one thousand one hundred and twenty-seven (1126th and 1127th) docket entries on the State Circuit Court docket.

55. Following the remand, on February 16, 2024, the foreclosure sale pursuant to the entered final judgment of foreclosure was requested to be reset by the State Court.

56. On February 20, 2024, and February 29, 2024, Gregory Myers filed opposition to the rescheduling of the foreclosure sale.

57. On or about April 15, 2024, the state Court heard from the parties, granting Plaintiff's request to set the foreclosure sale for May 16, 2024.

58. On or about May 9, 2024, Barbara Kelly and Gregory Myers filed an Emergency Motion to Cancel the May 16, 2024, foreclosure sale.

59. On or about May 9, 2024, Gregory Myers filed a Motion for Rehearing of the order granting the scheduling of the sale now set for May 16, 2024.

60. On May 10, 2024, Plaintiff filed its responses in opposition to the Emergency Motion to Cancel the Sale and to the Motion for Rehearing.

61. On May 13, 2024, an order was entered denying the Motion for Rehearing.

62. On or about May 21, 2024 this Court entered an order[1] setting a Rule 16(b) Conference to occur on July 1, 2024.

63. Below counsel filed its notice of appearance[2] in this matter on or about June 3, 2024.

64. On or about June 3, 2024, Plaintiff also filed its Motion for Remand.[3]

65. On July 8, 2024, Plaintiff filed its Amended Motion for Remand. See Docket Entry #26.

66. On August 6, 2024, the Defendants filed Counterclaims without leave of Court and without agreement by Plaintiff.

67. On September 6, 2024, this Court Granted Plaintiff's Amended Motion to Remand Under the Rooker-Feldman Doctrine.

68. As noted by the Court in its September 6, 2024, Order, this is not the first time the Defendants have had an improper action remanded back to the State Trial Court. Case Number 2:23-cv-00504-JES-NPM has also been removed to the State Trial Court on January 25, 2024. See Docket Entry #31 of Case#2:23-cv-00504-JES-NPM.

69. On February 23, 2024, the Defendants filed a Notice of Appeal within 2:23-cv-00504-JES-NPM, which is subject to a pending Motion to Dismiss filed by Plaintiff/Appellee on September 25, 2024. (Note that this appeal was subject to a prior dismissal, reinstatement, and several extensions of time awarded to the Defendants/ Appellants).

---

[1] Docket Entry 13
[2] Docket Entry 14
[3] Docket Entry 15

## II. ARGUMENT AGAINST MOTION TO ALTER OR AMEND A JUDGMENT

70. Highlighting the abusive litigation tactics employed by the Defendants, the Court should note that the above case history is limited to 1. The filing of the State Circuit Court Case; 2. The entry of judgment in the State Circuit Court Case; 3. Scheduled Judicial Sales; 4. Motions to Cancel Sale; and Federal Court filings intended to stop the Judicial Sale. These four activities comprise all sixty-nine(69) factual line items.

71. Defendants' allegation that the Court's September 6, 2024 Order and Opinion is "erroneous" and constitutes an "error of law" is wildly incorrect.

72. The Counterclaims were procedurally void and are not properly brought before the Court. The Defendants never sought leave of Court to assert the Counterclaims and Plaintiff never consented to their insertion into this case.

73. Regardless, the Defendants' removal of this suit to Federal Court was and has always been an improper method of delay as the Federal District Courts do not have jurisdiction to sit in appellate review of a State Court action. At no point in time has the Federal District Court attained original jurisdiction over the allegations within this suit.

74. Defendant now seeks reconsideration of the Court's proper ruling couched within an improperly plead Motion for Reconsideration, via failed allegations of "error of law."

75. However, the relief sought is improper as the Federal District Court never had jurisdiction over the matter. The Defendants raised Three Counterclaims without leave of Court or agreement, nonetheless, these Three Counterclaims

19-03523-1

against seek appellate review of the State Circuit Court's Fina Judgment.

76. "According to the Rooker-Feldman doctrine, 'a United States District Court has no authority to review final judgments of a state court in judicial proceedings" *Mercier v. Turnberry Isle S. Condo. Ass'n*, 2021 U.S. Dist. LEXIS 243301… "The Rooker-Feldman Doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing Feldman, 460 U.S. at 482)" see *Id*.

77. Similarly, when discussing Counterclaims and other collateral attacks upon the State Court Judgment, "In Powell, the Eleventh Circuit held that under the Rooker-Feldman doctrine the district court lacked jurisdiction over Mr. Powell's claim that the [Uniformed Services Former Spouses' Protection Act (the "FSPA") was] unconstitutional as applied to him." *Powell v. Powell*, 80 F.3d 464, 467 at 468 (11th Cir. 1996). The Powell court explained further that Mr. Powell's "claim could, and should, have been raised in the state court, not in a federal court in what amounts to a collateral attack on the state court judgment." See *Mercier*.

78. Here, just as in *Powell* & *Mercier*, the Defendants have sought to collaterally attack the State Court Judgment via allegations that the State Court improperly rendered Judgment. This is a per se Appellate question.

79. The notion that it would somehow be proper for a Federal District Court to collaterally attack a State Court Judgment based upon actions taken by the

19-03523-1

State Court, within a case the District Court never had jurisdiction over boggles the mind.

80. In short, the Defendants' Motion must be denied because the Granting of the Motion for Remand was proper because the Federal District Court never had original jurisdiction over the matter after the rendering of a Final Judgment by the State Court and for the same reasons, an attempted collateral attack made within the improperly removed suit cannot stand as justification for jurisdiction over the decisions of the State Circuit Court.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Electronic Mail pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.516 and /or by U.S. Mail to any other parties in accordance with the service list below on this  11th day of October 2024.

> s/Michael V. Supple, Esq.
> Michael Vincent Supple, Esq.
> DELUCA LAW GROUP, PLLC
> 2101 NE 26th Street, Fort Lauderdale, FL 33305
> T: (954) 368-1311 | Fax: (954) 200-8649
> Bar Number: 92080
> Email:msupple@delucalawgroup.com
> DESIGNATED PRIMARY E-MAIL FOR SERVICE PURSUANT TO FLA. R. GEN. PRAC. & JUD. ADMIN. 2.516
> service@delucalawgroup.com

19-03523-1

## SERVICE LIST

**GREGORY B. MYERS**
700 GULFSHORT BLVD N.
NAPLES, FLORIDA 34102
gregbmyers@verizon.net

**BARBARA ANN KELLY A/K/A BARBARA KELLY A/K/A BARBARA RAE KELLY**
700 GULF SHORE BLVD N
NAPLES, FL 34102
bakellymyers@verizon.net

19-03523-1